UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINERVA OSORIA ) | |
| ) | |
| Plaintiff, ) | Case No. 11-cv-4296 |
| v. ) | |
| ) | Judge John W. Darrah |
| AMERICAN TELEGRAPH AND ) | |
| TELEPHONE COMPANY and ) | |
| LETICIA HERNANDEZ, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Minerva Osoria filed this action for discriminatory dismissal, wrongful retaliation, and intentional infliction of emotional distress against her former employer and supervisor, Defendants Illinois Bell Telephone Company ("Illinois Bell")[1] and Leticia Hernandez, respectively. Plaintiff moved to proceed *in forma pauperis* ("IFP"), which was granted; and counsel was appointed. Based on information received during discovery, the Defendants now move to dismiss this action for false statements made on Plaintiff's IFP application. That Motion is granted.

### **BACKGROUND**

In order to avoid paying filing fees and to receive appointed counsel, Plaintiff submitted an IFP application and financial affidavit, which contained information about her financial condition, on June 24, 2011. (Dkt. No. 4.) On that form, Plaintiff represented that she was unemployed at the time she filed the application and that she had not received more than $200 in income from self-employment in the past year. (*Id*., Qs. 2 & 4.) Plaintiff also represented that

---

[1] Illinois Bell was incorrectly named as "American Telegraph and Telephone Company."

her last monthly wage at her former employer was $1,020 and that she had not received more than $200 in income from rentals, pensions, or "any other sources" during the preceding twelve months. (*Id.*) Plaintiff further represented that she had less than $200 in her checking account, that she owned no securities or investments, and that she owned no vehicle worth more than $1,000. (*Id.*, Qs. 5, 6, & 7.) Plaintiff signed her IFP application on the last page; the following appeared directly above her signature:

> I declare under penalty of perjury that the above information is true and correct. I understand that pursuant to 28 U.S.C. § 1915(a)(2)(A), the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

On August 2, 2011, based on these representations, the Court granted Plaintiff's motion to proceed *in forma pauperis* and appointed Attorney Vivek Jayaram of the Jayaram Law Group as counsel for Plaintiff. (*See* Dkt. No. 6.)

On February 15, 2013, Defendants moved to stay discovery based on alleged misrepresentations made by Plaintiff on her IFP application. Defendants contend that during the course of discovery, they determined that Plaintiff concealed more than $63,000 in income and assets on her IFP application. On February 28, 2013, this Court granted Defendants' Motion so as to permit briefing on the issue. Thereafter, Plaintiff then retained additional counsel, Attorney Marty Schwartz, who entered an appearance in this case on March 20, 2013; and on May 15, 2013, Plaintiff's appointed counsel, Attorney Jayaram, was granted leave to withdraw.[2]

Significantly, this is the not the only case in which Plaintiff has been accused of lying on her IFP application. On May 1, 2013, Plaintiff's lawsuit in another matter, *Minerva Osoria v.*

---

[2] Schwartz is the attorney named on Plaintiff's brief submitted in opposition to Defendants' Motion to Dismiss.

*International Brotherhood of Electrical Workers*, No. 11-cv-1386 (N.D. Ill. 2011), was dismissed with prejudice by Judge Pallmeyer after a show cause hearing, in which Judge Pallmeyer determined that Plaintiff had made misrepresentations on her IFP application in that case.

## LEGAL STANDARD

With regard to cases filed *in forma pauperis*, 28 U.S.C. § 1915 provides that "the court *shall dismiss* the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915 (e)(2)(A) (emphasis added). Whether the dismissal of the case is with or without prejudice is within the discretion of the district court. *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998). As the purpose of the IFP application is to encourage forthrightness and discourage fraud on the court, dismissal with prejudice has been viewed as an appropriate sanction for lying on the IFP. *See, e.g., Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir. 2002); *McRoyal v. Commonwealth Edison Co.*, 263 F. App'x 500, 502 (7th Cir. 2008).

## ANALYSIS

Defendants contend that Plaintiff made at least nine misrepresentations on her IFP application and, for that reason, her Complaint should be dismissed. For the large part, Plaintiff does not dispute that she made misrepresentations but contends that she is, in fact, impoverished, regardless of her misrepresentations. Plaintiff's misrepresentations are addressed below.

On Question 2(a) on her IFP application, Plaintiff represented that she was unemployed and received no income from self-employment. However, this was false; according to her 2010 and 2011 U.S. Individual Income Tax returns, Plaintiff reported during both tax years, she was

3

self-employed at Joyeria La Caridad, a business located at 3039 N. Milwaukee Avenue in Chicago. (Def. Mem. Exs. C& D). On Question 4(b), Plaintiff represented that she had not received more than $200 in the past twelve months from self-employment; however, this was also false, as she reported that she had earned $459 from that employment in 2011. (Def. Mem. Ex. D.)

Plaintiff also misrepresented, on Question 2(b), the amount of her last monthly salary when she listed it as $1,020.00. However, Defendants have submitted Plaintiff's last monthly paycheck, which reflects that her gross pay was $5,373.60 and a net pay of $3,200.08. (Def. Mem. Ex. F at 1).

Plaintiff also failed to disclose other sources of income, as required by Question 4 of the IFP. Question 4 asked whether Plaintiff received more than $200 in the past twelve months (which would be June 24, 2010 through June 24, 2011, the date of the IFP), from sources such as rentals, pensions, and "any other sources." Specifically, Plaintiff failed to disclose rental income she received, identified on her tax returns as $3,580 in 2010 and $3,800 in 2011. (Def. Exs. C & D.) Furthermore, Plaintiff received $800.44 from her participation in other litigation. (Def. Mem. Ex. G.). Plaintiff also failed to disclose that she received $30,700 in distributions from her IRA account during the relevant period. (Def. Mem. Ex. I.) Defendants argue that these distributions should have been listed in income from a pension, as required by Question 4(d). Plaintiff argues that the unique nature of an IRA account legitimately excuses her omission, because the distributions come from investments that Plaintiff made as deferred contributions. However, even if Plaintiff (a college graduate) determined that the IRA is not like a typical

4

pension, those distributions should then have been reported under "any other sources" on Question 4(g).

On Question 5 of the IFP application, Plaintiff represented that she did not have more than $200 in cash or checking accounts. This again was not true; at the time, Plaintiff had $1,053.17 in her checking account. (Def. Mem. Ex. J at 2). On Question 6, Plaintiff represented that she did not own any stocks, bonds or other financial instrument. However, Plaintiff's IRA account had at least $12,699.25 at the relevant time. (Def. Mem. Ex. I at 1). Finally, Plaintiff failed to report her ownership of a 1998 Ford Mustang in "fair" condition, as required by Question 8.

In *Jeffery v. Kraft Foods Global, Inc.*, No. 05 C 6458, 2007 WL 611277 (N.D. Ill. Feb. 22, 2007), this Court found that a misrepresentation on the order of $5,400 was enough to warrant dismissal with prejudice, noting that the plaintiff had materially misrepresented her financial status in order to file her action without cost and obtain free legal services. Here, Plaintiff has made numerous misrepresentations about her financial status on a much larger scale and has committed a fraud on the court. At the time Plaintiff filed the IFP application, she had assets in her business, rental property, and investment accounts, but neglected to identify any of them. Plaintiff's argument that she misunderstood the IFP application on some of these questions is not well-taken; as mentioned above, Plaintiff holds a Bachelor's Degree from DePaul University. Furthermore, any inadvertent errors Plaintiff might have made does not excuse her deception. *See Mathis*, 133 F.3d at 547-48 (affirming dismissal with prejudice although plaintiff averred that errors in IFP application were inadvertent errors). Dismissal with prejudice is an appropriate sanction.

5

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss [59] is granted; the suit is dismissed with prejudice. Civil case is terminated.

Date: August 21, 2013

JOHN W. DARRAH
United States District Court Judge